UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GARY DEBENEDETTO,

        Plaintiff,

v.

DEPT OF HUMAN SERVICES
INTERSTATE COMPACT
COORDINATOR,

        Defendant.
_____/

Case No. 1:17-cv-1110

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a federal civil detainee under 28 U.S.C. § 1361. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant as frivolous.

## Discussion

    I.    Factual allegations

Plaintiff Gary Debenedetto is incarcerated at the Rochester Medical Center in Rochester, Minnesota. Plaintiff was arrested in the Eastern District of Michigan on a federal arrest

warrant issued in the Northern District of Illinois, which was based on an indictment on five counts of violating Interstate Communications - Threats, 18 U.S.C. § 875(c). *See United States v. Gary Debenedetto*, No. 2:12-cv-mj-30240 (E.D. Mich.) (ECF No. 1, PageID.1-8.) The government moved to transfer Plaintiff to the Northern District of Illinois, which the court granted on April 26, 2012. (No. 2:12-mj-30240, PageID.14-15.)

Thereafter, in the Northern District of Illinois, criminal proceedings were initiated. *See United States v. Debenedetto*, No. 1:12-cr-199-1 (N.D. Ill.). However, after numerous ineffective efforts to establish Plaintiff's competency to stand trial, court determined that Plaintiff was both incompetent to stand trial and unlikely to be found competent in the future, under 18 U.S.C. § 4241, and it therefore committed Plaintiff to the custody of the Attorney General for an expedited evaluation under 18 U.S.C. § 4246. (1:12-cr-199-1, ECF No. 115, PageID.440.) Following that evaluation at a federal facility in North Carolina, on November 6, 2014, the Eastern District of North Carolina found Plaintiff to be "suffering from a mental disease or defect as the result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." (*Id.*, ECF No. 121, PageID.454.) Plaintiff therefore was involuntarily committed to the custody of the Attorney General for placement in a mental institution under 18 U.S.C. § 4246. (*Id.*) He is presently detained at the Rochester Federal Medical Center.

Plaintiff contends that he is a Michigan resident and entitled to equal protection and due process under the Fourteenth Amendment. He asserts that, under 18 U.S.C. § 4246(d), a federal court can involuntarily commit someone, but it must commit them at a facility in their own state. (Pet. for Mandamus, ECF No. 1, PageID.1.) He alleges that the Attorney General notified

2

Defendant Michigan Department of Human Services Interstate Compact Coordinator to take custody of Plaintiff. However, Defendant refused to accept custody of Plaintiff. (*Id.*)

Plaintiff seeks a writ of mandamus directing Defendant to take custody of Plaintiff and place him in a state mental hospital.

II.     Analysis

Title 28 U.S.C. § 1361 confers authority over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to either state or federal law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Defendant is a state official. Therefore, the Court may not grant Petitioner relief under 28 U.S.C. § 1361.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Because Plaintiff's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Topsidis v. State*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) (affirming dismissal of mandamus action because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); *Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (same).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the case will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it is frivolous.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   February 13, 2018            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE